UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHNNY L. JONES,

                Plaintiff,

v.                                      Case No. 3:24-cv-1183-MMH-PDB

TREVOR SPRADLEY, et al.,

                Defendants.

_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Johnny L. Jones, who is currently housed at Charlotte Correctional Institution and proceeding as a pauper, initiated this case by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983 (Doc. 1; Complaint). The Court identified some deficiencies in Jones's Complaint and ordered him to file an amended complaint if he wished to proceed with his claims. See Order (Doc. 5). Jones filed an Amended Complaint (Doc. 6; Amended Complaint) on February 27, 2025 (mailbox rule).

In the Amended Complaint, Jones names three Defendants in their individual capacities: (1) Lieutenant Trevor Spradley; (2) Sergeant Pope; and (3) Correctional Officer Hartzell. Id. at 2-3. He alleges that while he was housed at Suwannee Correctional Institution on June 7, 2024, he declared a medical and psychological emergency "due to having grave pain causing

emotional and mental stress and [Jones] felt his body starting to lock up." Id. at 5. He entered the wing and "Defendant Pope stated[,] 'You're not going to be seen by anyone, you're going to your cell, f*ck your emergency.'" Id. Jones replied that he needed to see someone and sat on the floor. Id. Jones's "pain quickly spread to the neck and lower back and caused [him] to have to lay down." Id. Defendant Pope called Defendant Spradley, and when Spradley arrived, he ordered Defendants Pope and Hartzell to "drag" Jones to his cell. Id. "Defendants Pope and Hartzell each grabbed a[n] arm and beg[a]n dragging [Jones] as he screamed." Id. at 6. "Defendant Spradley ordered them to stop and grab [Jones] in a different way then continue dragging him." Id. Apparently, when they arrived at Jones's cell, Defendants Pope and Hartzell "slammed" Jones on his bunk and left him restrained in his cell. Id. Defendant Spradley brought a nurse to speak to Jones, "but would not allow [Jones] to be properly examined." Id. Jones attempted suicide ten days later. Id.

Jones raises several causes of action. He contends that Defendants violated policy and procedure by denying his medical and psychological emergency, by not contacting medical when Jones was lying on the floor before moving him, and by failing to obtain a handheld camera before using force on him. Id. at 8-10. Jones further alleges that Defendants violated his Eighth Amendment rights when Defendant Spradley ordered the use of force and

Defendants Pope and Hartzell used excessive force on him. Id. Finally, Jones contends Defendants were deliberately indifferent to his serious medical and psychological needs. Id.

Jones lists several injuries. He asserts that this incident caused "more damage and pain to an already damaged shoulder" and "pain to [his] head and back." Id. at 7. The pain caused Jones "to hold [his] head and arm a certain way," which the doctor "thought . . . was a joint disease." Id. He also suffered "emotional damages which left [him] crying and feeling alone," and "mental damage which caused [him] to fall into depression and paranoia," ultimately leading to his suicide attempt. Id.[1] As relief, Jones seeks a declaratory judgment and monetary damages. Id. at 7, 11.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply

---

[1] According to Jones, he "is a known mental health patient with a 'S3' psyche grade." Amended Complaint at 8.

3

the same standard in both contexts.[2] <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997); <u>see also</u> <u>Alba v. Montford</u>, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Salvato v. Miley</u>, 790 F.3d 1286, 1295 (11th Cir. 2015); <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); <u>Richardson v. Johnson</u>, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); <u>Porter v. White</u>, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (alternation and internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal")

5

(internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 679. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Amended Complaint, the Court must read Jones's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[3] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Here, Jones's Amended Complaint is due to be dismissed pursuant to this Court's screening obligation. First, as the Court previously advised when directing him to amend (Doc. 5), an allegation that a defendant violated a prison policy, without more, is insufficient to state a claim. See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (recognizing that prison regulations are "not designed to confer rights on inmates"); see also Taylor v. Adams, 221 F.3d 1254, 1259 (11th Cir. 2000) ("[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence."). Thus, Jones's allegations that Defendants' actions violated prison policy fail to state a claim of constitutional dimension.

Second, Jones fails to state an Eighth Amendment excessive force claim. In Sconiers v. Lockhart, 946 F.3d 1256, 1265 (11th Cir. 2020), the Eleventh Circuit reviewed "the principles applicable to Eighth Amendment excessive-force" claims. In doing so, the Court instructed:

> The Eighth Amendment, among other things, prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. As the Supreme Court has explained, "the unnecessary and wanton infliction of pain" qualifies under the Eighth Amendment as proscribed "cruel and unusual punishment." Hudson v. McMillian, 503 U.S. 1, 5 (1992). Nevertheless, the Supreme Court has instructed that what rises to the level of an "unnecessary and wanton infliction of pain" differs based on the type of Eighth Amendment violation alleged. Id.

Since [the plaintiff] asserts excessive-force . . . claims, "the core judicial inquiry" requires [the Court] to consider "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins[ v. Gaddy], 559 U.S. [34,] 37 [(2010)] (citation and quotation marks omitted). This standard requires a prisoner to establish two elements – one subjective and one objective: the official must have both "acted with a sufficiently culpable state of mind" (the subjective element), and the conduct must have been "objectively harmful enough to establish a constitutional violation." Hudson, 503 U.S. at 8 (cleaned up).

With respect to the subjective element, "to have a valid claim on the merits of excessive force in violation of [the Eighth Amendment], the excessive force must have been sadistically and maliciously applied for the very purpose of causing harm." Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002); see also Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010).

As for the objective component of an excessive-force violation, it focuses on whether the official's actions were "harmful enough," Hudson, 503 U.S. at 8, or "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991), to violate the Constitution. "Not every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins, 559 U.S. at 37. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 37-38. Instead, the Eighth Amendment prohibits force that offends "contemporary standards of decency," regardless of whether "significant injury is evident," though the extent of injury may shed light on the

> amount of force applied or "whether the use of force could plausibly have been thought necessary." Wilkins, 559 U.S. at 37 (citation and internal quotation marks omitted).

Id. at 1265-66 (some internal citations modified); see also McKinney v. Sheriff, 520 F. App'x 903, 905 (11th Cir. 2013). In determining whether an officer's use of force was applied maliciously and sadistically for the purpose of causing harm, courts consider five distinct factors:

> (1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.

Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986); Hudson, 503 U.S. at 7). When considering these factors, courts "must also give a 'wide range of deference to prison officials acting to preserve discipline and security,' including when considering '[d]ecisions made at the scene of a disturbance.'" Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007) (quoting Bennett v. Parker, 898 F.2d 1530, 1533 (11th Cir. 1990)).

Notably, a lack of serious injury, while not dispositive, is relevant to the inquiry. Wilkins, 559 U.S. at 38; Smith v. Sec'y, Dep't of Corr., 524 F. App'x 511, 513 (11th Cir. 2013). The United States Supreme Court has explained:

"[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." Ibid.[4] (quoting Whitley, supra, at 321, 106 S.Ct. 1078). The extent of injury may also provide some indication of the amount of force applied. . . . An inmate who complains of a "'push or shove'" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Id. at 9 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).[5]

Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.

Wilkins, 559 U.S. at 37-38. The Eleventh Circuit has explained:

A plaintiff who suffers only de minimis injury does not necessarily lack a claim for excessive force under § 1983. Stephens[ v. DeGiovanni], 852 F.3d [1298,] 1328 n.33 [(11th Cir. 2017)]; Saunders v. Duke, 766 F.3d 1262, 1270 (11th Cir. 2014). However, the resulting injuries can be evidence of the kind or degree of force that was used by the officer. See Crocker v. Beatty, 995 F.3d 1232, 1251 (11th Cir. 2021).

Charles v. Johnson, 18 F.4th 686, 700 (11th Cir. 2021).

---

[4] Hudson, 503 U.S. at 7.

[5] See Johnson, 481 F.2d at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.").

Jones's allegations fail to state a plausible Eighth Amendment excessive force claim. He acknowledges that he laid down on the floor due to pain and Defendants Pope and Hartzell "dragged" him to his cell. When he was screaming in pain, Defendant Spradley ordered Defendants Pope and Hartzell to stop and adjust their grip on Jones, which they did. When they arrived in Jones's cell, they "slammed" him on his bunk. Defendant Spradley then brought a nurse to Jones's cell to speak with him.

Defendants Pope and Hartzell's actions as described by Jones do not cross the constitutional threshold of an Eighth Amendment violation. Even if they violated prison policy, they were required to follow orders to return Jones to his cell, and they readjusted their grip when Jones was "scream[ing]," which suggests they did not intend to cause pain. While Jones asserts he experienced pain, he does not allege that he otherwise suffered any serious physical injury, and he was able to speak with a nurse immediately after the incident. Jones's allegations fail to suggest that Defendants acted with a malicious or sadistic intent to cause harm. Thus, the Court finds that even liberally construing Jones's allegations, he fails to state a plausible Eighth Amendment excessive force claim.[6]

---

[6] To the extent Jones contends that Defendant Spradley failed to intervene in the use of excessive force, such claim automatically fails because Jones has not stated a plausible excessive force claim. Moreover, apparently in response to Jones screaming,

Third, with respect to Jones's deliberate indifference claim, the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (quoting <u>Hudson v. Palmer</u>, 468 U.S. 517, 526-27 (1984)). To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct. <u>Swain v. Junior</u>, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing <u>Farmer</u>, 511 U.S. at 834). As it relates to medical care, "the Supreme Court has held that prison officials violate the bar on cruel and unusual punishments when they display 'deliberate indifference to serious medical needs of prisoners.'" <u>Keohane v. Fla. Dep't of Corr. Sec'y</u>, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)). Specifically, the Eleventh Circuit has instructed that to establish liability on an Eighth Amendment deliberate indifference claim, the plaintiff must show:

> First . . . as a threshold matter, that he suffered a deprivation that was, "objectively, 'sufficiently serious.'" [<u>Farmer</u>, 511 U.S. at 834].

---

Spradley ordered the other Defendants to stop and hold Jones in a different manner. Thus, Jones's allegations show that Spradley did intervene to assist Jones.

> Second, . . . that the defendant acted with "subjective recklessness as used in the criminal law," id. at 839, and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff—with the caveat, again, that even if the defendant "actually knew of a substantial risk to inmate health or safety," he "cannot be found liable under the Cruel and Unusual Punishments Clause" if he "responded reasonably to the risk." Id. at 844-45.

Wade v. McDade, 106 F.4th 1251, 1261 (11th Cir. 2024) (enumeration and emphasis omitted);[7] see Stalley v. Cumbie, 124 F.4th 1273, 1283 (11th Cir. 2024) (recognizing that to prevail on a deliberate indifference claim, a plaintiff must show that he suffered "an objectively serious medical need," and that the defendant acted with deliberate indifference to that need, meaning that the defendant "(1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) engaged in conduct that amounts to subjective recklessness" (internal quotations and citations omitted)).

---

[7] For decades, the Eleventh Circuit has described a "more than mere negligence" or "more than gross negligence" standard in determining whether an official acted with deliberate indifference to an inmate's serious medical need. Wade, 106 F.4th at 1255. In Wade, the Eleventh Circuit determined that those standards conflicted with the Supreme Court's decision in Farmer and clarified that courts in this circuit should apply the "subjective recklessness" standard "as used in the criminal law." Id. at 1253. The Court notes that the Honorable Adalberto Jordan wrote a concurrence to the majority's opinion in Wade, finding that to the extent prior Eleventh Circuit deliberate indifference cases are not inconsistent with Wade, "they should continue to be cited as binding precedent." Id. at 1265 (Jordan, J., concurring).

"As applied in the prison context, the deliberate-indifference standard sets an appropriately high bar." Swain, 961 F.3d at 1285. Importantly, medical treatment gives rise to a constitutional violation "only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1271 (11th Cir. 2020) (quotations omitted). Indeed, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). Thus, a complaint that a medical provider has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (quotations and citation omitted).

Here, Jones fails to allege sufficient factual allegations to state a plausible deliberate indifference claim. He contends that Defendants were deliberately indifferent by ignoring his medical and mental health emergency. But after Jones was placed in his cell, a nurse came to his cell and spoke to him. His allegations also fail to suggest that Defendants acted with "subjective

recklessness." Thus, Jones fails to state a plausible Eighth Amendment deliberate indifference claim.

In light of the foregoing, this case will be dismissed without prejudice for Jones's failure to state a claim. If Jones can allege sufficient facts to state a plausible claim for relief, he may refile his claims under 42 U.S.C. § 1983 in a new case. Notably, pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

Accordingly, it is

**ORDERED**:

1.    This case is **DISMISSED without prejudice**.

2.    The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3.    The **Clerk of Court** shall send Jones a civil rights complaint form and an application to proceed <u>in forma pauperis</u> (prisoner filings) form. If Jones chooses to refile his claims, he may complete and file the appropriate forms. He should not include this case number on any form, as the Clerk will assign a new case number upon receipt. In initiating such a case, Jones should either

file a fully completed application to proceed in forma pauperis or pay the $405 filing fee.

    **DONE AND ORDERED** at Jacksonville, Florida, this 21st day of April, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

JAX-3 4/16
c:
Johnny L. Jones, #V15226

16